Eastern District of Kentucky
F I L E D
NOV 0 7 2019
AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | | |
|---|---|---|
| TIMOTHY J. WEBSTER, | ) | |
| | ) | |
| Petitioner, | ) | Civil No. 0: 19-111-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| JASON STREEVAL, Warden, | ) | **OPINION & ORDER** |
| | ) | |
| Respondent. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

Federal inmate Timothy Webster has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge the validity of his conviction in light of the Supreme Court's recent decision in *Rehaif v. United States*, 139 S. Ct. 2191 (2019). [D. E. No. 1] The Court must review the petition before proceeding further. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011).[1]

---

[1] A petition will be denied "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). The Court evaluates Webster's petition under a more lenient standard because he is not represented by an attorney. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Franklin v. Rose*, 765 F.2d 82, 84-85 (6th Cir. 1985) (noting that "allegations of a pro se habeas petition, though vague and conclusory, are entitled to a liberal construction" including "active interpretation" toward encompassing "any allegation stating federal relief" (citations and internal quotation marks omitted)).

In February 2009 Webster was indicted in Greensboro, North Carolina for possession with intent to distribute crack cocaine, possession of two firearms in furtherance of a drug trafficking crime, and two counts of being a felon in possession of a firearm. Webster was also charged as an armed career criminal in light of two prior North Carolina convictions for felony breaking and entering and larceny, as well as North Carolina convictions for robbery with a dangerous weapon, conspiracy, and possession of a firearm by a felon. One month later Webster reached an agreement with the government to plead guilty to one count of being a felon in possession of a firearm in exchange for the dismissal of the other charges. As part of the plea agreement, Webster expressly waived his right to appeal save upon four enumerated grounds, and further "waive[d] any right to contest the conviction or the sentence in any post-conviction proceeding ..."

Prior to sentencing Webster argued that his two breaking and entering convictions were not valid predicate offenses because North Carolina had restored his right to possess firearms with respect to them, but he acknowledged that his argument was foreclosed by Fourth Circuit precedent.[2] In August 2009 the trial court

---

[2] In particular, under functionally-identical facts in *United States v. Clark*, 993 F. 2d 402 (4th Cir. 1993) the Fourth Circuit held that "... as a matter of federal law [] a state conviction for a violent felony is not excluded from consideration under § 924(e) by the provisions of § 921(a)(20) until the law of the relevant state effectively restores to the defendant the right to possess firearms. Because Clark was never out of the state's custody for five full years between felony convictions, North Carolina has continuously

2

found that Webster qualified for an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e), and imposed a 200-month sentence. *United States v. Webster*, No. 1: 09-CR-48-1 (M.D.N.C. 2009).

On direct appeal Webster's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), but again presented Webster's argument challenging the ACCA enhancement.[3] The Fourth Circuit affirmed in light of *Clark*. *United States v. Webster*, 372 F. App'x 392 (4th Cir.), *cert. denied*, 562 U.S. 927 (2010). The trial court denied Webster's initial motion under 28 U.S.C. § 2255 to vacate his conviction in 2015, and the Fourth Circuit denied a certificate of appealability. In May 2019, Webster filed a § 2244 motion seeking permission from the Fourth Circuit to assert his claim under *Rehaif* in a successive § 2255 motion, but that request was denied. *In re: Timothy Webster*, No. 19-326 (4th Cir. 2019).

---

barred him from carrying a firearm since 1977, and all of his convictions since that date may therefore be considered under § 924(e)." *Id.* at 405.

[3] Specifically, counsel noted that under North Carolina law Webster's right to bear arms could have been automatically restored on September 14, 1991, but six weeks before that date he was convicted on new charges of felony possession of stolen goods. Because Webster did not reach five years of uninterrupted crime-free conduct before that date, his right to bear arms was not restored in 1991 under *Clark*. And in 1995 he became subject to a permanent ban on his possession of firearms in light of changes to the pertinent North Carolina statute. Brief for Appellant, *United States v. Webster*, 372 F. App'x 392 (4th Cir. 2010), No. 09-4761, 2009 WL 3405860, at *6.

3

Webster's current § 2241 petition presents essentially the same claim that he sought to assert by way of § 2255. Webster contends that in 2009 he thought that he had the right to possess firearms because (he believed) that right had been restored by North Carolina law. Webster argues that because he did not know that he could not possess firearms, under *Rehaif* he cannot be guilty under 18 U.S.C. § 922(g)(1). [D. E. No. 1 at 6-10][4]

Having thoroughly reviewed the petition, the Court concludes that it must be denied. Generally a federal prisoner must challenge the legality of his conviction or sentence by filing a motion under Section 2255 with the trial court. *Capaldi v. Pontesso*, 135 F. 3d 1122, 1123 (6th Cir. 2003). A narrow exception to this rule, set forth in Section 2255(e), permits a petitioner to challenge his conviction in a Section 2241 petition, but only if he can demonstrate that he is "actually innocent" of committing the underlying criminal offense. He can make this showing where, after his conviction became final, the Supreme Court re-interprets the substantive terms of the criminal statute under which he was convicted in a manner that

---

[4] Webster also appears to labor under the misapprehension that *Rehaif* addressed the ACCA, and asks the Court to resentence him without the ACCA enhancement. [D. E. No. 1 at 4, 6, 10-11] But *Rehaif* addressed only the scienter requirement to obtain a *conviction* under 18 U.S.C. § 922(g), it said nothing about the enhanced *sentence* under 18 U.S.C. § 924(e)(1) if the ACCA's requirements are met. The Court therefore limits its discussion to Webster's challenge to his conviction.

4

establishes that his conduct did not violate the statute. *Wooten v. Cauley*, 677 F.3d 303, 307-08 (6th Cir. 2012).

For purposes of discussion, the Court assumes without deciding that a claim under *Rehaif* could be asserted in a § 2241 petition. But that decision does not assist Webster for two reasons. First, Webster knowingly and voluntarily waived his right to collaterally attack his conviction or sentence. Such waivers are enforceable and apply to proceedings under § 2241. *Slusser v. United States*, 895 F.3d 437, 439 (6th Cir. 2018) ("It is well-settled that a knowing and voluntary waiver of a collateral attack is enforceable.") (citing *Watson v. United States*, 165 F.3d 486, 489 (6th Cir. 1999)), *cert. denied*, 139 S. Ct. 1291 (2019). In his plea agreement, Webster bargained for and received a substantial reduction in the sentence he faced in exchange for his agreement to plead guilty and to waive his right to challenge his conviction or sentence on direct appeal (on most grounds) or by collateral attack. Webster is therefore barred from challenging his conviction or sentence in this proceeding. *Moser v. Quintana*, No. CV 5: 17-386-DCR, 2017 WL 5194507, at *2 (E.D. Ky. Nov. 9, 2017), *aff'd*, No. 17-6421 (6th Cir. June 21, 2018); *Rivera v. Warden, FCI, Elkton*, 27 F. App'x 511, 515 (6th Cir. 2001).[5]

---

[5] Although *Slusser* is a published opinion, a subsequent panel of the Sixth Circuit has refused to follow it notwithstanding Sixth Circuit Rule 32.1(b), which requires subsequent panels to adhere to published opinions of prior panels. The panel in *Vowell v. United States*, 938 F. 3d 260 (6th Cir. 2019) concluded that *Slusser* incorrectly determined that certain pertinent statements in *United States v. Caruthers*, 458 F.3d

5

Second, contrary to Webster's argument *Rehaif* does not hold that the government was required to prove that he knew that he was prohibited from possessing a firearm to sustain a conviction under Section 922(g)(1). As a preliminary matter, the government was not required to prove anything because

---

459, 472 (6th Cir.), *cert. denied*, 549 U.S. 1088 (2006) were merely *dicta* and were hence not binding. *Vowell* at 264-66.

The outcome in *Vowell* is confounding for several reasons. Chief among these is that the author of the opinion in *Slusser* sat on the panel in *Vowell*, but no effort was made to explain or harmonize the prior decision. In addition, the Sixth Circuit's rule of orderliness bars a later panel from overruling a prior published decision by an earlier panel. There are exceptions, but merely disagreeing with the reasoning of the prior panel decision is not one of them. *United States v. White*, 768 F. App'x 428, 429 (6th Cir. 2019) ("... a panel of this court cannot overrule a prior, published decision of another panel 'unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'") (citing *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985)). *Vowell* does not even mention this obvious impediment to its holding. And *Slusser*'s conclusion that certain statements in *Caruthers* were merely *dicta* was itself a holding in that case which was binding upon the panel in *Vowell*.

What then to make of the rule that "when a later decision of [the Sixth Circuit] conflicts with one of [its] prior published decisions, we are still bound by the holding of the earlier case." *Darrah v. City of Oak Park*, 255 F.3d 301, 310 (6th Cir. 2001). Picking its way through this jurisprudential rubble, the Court is left with little guidance to determine which of these gems is a diamond and which is merely a lump of coal. That said, even if *Vowell* constitutes the applicable precedent, that panel held that a waiver of appeal rights does not apply to a claim that the *sentence* imposed exceeded the maximum permitted by statute. *Vowell*, 938 F. 3d at 265-66. Webster's claim under *Rehaif* is not, and cannot be, a challenge to his sentence, but is a challenge to his *conviction* under § 922(g). See note 4, *supra*. His claim therefore falls within the longstanding rule that "subsequent changes in the law [do] not render an otherwise valid waiver unknowing or involuntary." *Brady v. United States*, 397 U.S. 742, 757 (1970). Webster's challenge to his § 922(g) conviction is therefore barred by the terms of his collateral attack waiver. Cf. *Mabry v. Shartel*, 632 F. App'x 707, 709-11 (3d Cir. 2015).

Webster admitted all of the facts essential to sustain his conviction when he agreed to plead guilty. *United States v. Broce*, 488 U.S. 563, 569 (1989) ("A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence."); see also *Boykin v. Alabama*, 395 U.S. 238, 242 (1969).

At bottom, Webster's claim is based upon a misunderstanding of *Rehaif*. As the Supreme Court explained,

> The question here concerns the scope of the word "knowingly." Does it mean that the Government must prove that a defendant knew both that he engaged in the relevant conduct (that he possessed a firearm) and also that he fell within the relevant status (that he was a felon, an alien unlawfully in this country, or the like)? We hold that the word "knowingly" applies both to the defendant's conduct and to the defendant's status. To convict a defendant, the Government therefore must show that the defendant knew he possessed a firearm and also that he knew he had the relevant status when he possessed it.

*Rehaif*, 139 S. Ct. at 2194. Thus, the government's burden includes proof that the defendant was aware of his "relevant status," meaning that he knew that he was "a felon, an alien unlawfully in this country, or the like." *Id.* at 2195-96.

The federal courts of appeal are uniform in reading *Rehaif* in this fashion. Cf. *United States v. Bowens*, 938 F. 3d 790, 797 (6th Cir. 2019) (under *Rehaif*, "the Government would have to prove that [defendants] both knew they possessed firearms and knew that they were unlawful users of a controlled substance" under § 922(g)(3)); *United States v. Burghardt*, 939 F. 3d 397, 401, 403 (1st Cir. 2019)

7

("The indictment did not assert that Burghardt knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year (the "scienter-of-status element"). ... the government would have had [no] difficulty at all in offering overwhelming proof that Burghardt knew that he had previously been convicted of offenses punishable by more than a year in prison.").

The Sixth Circuit has also squarely rejected Webster's more expansive reading of *Rehaif*:

> ... defendants appear to argue that even if they knowingly used marijuana, *Rehaif* requires something more: that the Government prove each defendant "knew he was *prohibited from possession* [of a firearm] because he was an unlawful user of a controlled substance," that in other words he "knew of his status as a *prohibited person*. ... [I]t is at least plausible that they were unaware that they were prohibited from possessing firearms under a subsection of 18 U.S.C. § 922(g) due to their regular and repeated drug use. Such knowledge, however, is not, and cannot be, what *Rehaif* requires. The defendants' reading of *Rehaif* goes too far because it runs headlong into the venerable maxim that ignorance of the law is no excuse. *Rehaif* did not graft onto § 922(g) an ignorance-of-the-law defense by which every defendant could escape conviction if he was unaware of this provision of the United States Code.

*Bowens*, 938 F. 3d at 797 (emphasis in original; citation omitted). Because Webster does not contend that he was unaware that he stood convicted of numerous felonies (nor would his extensive criminal history permit such an inference), and because *Rehaif* does not require more, his petition fails to state any viable claim for relief.

Accordingly, the Court **ORDERS** as follows:

8

1. The Court **DENIES** Timothy Webster's petition for a writ of habeas corpus [D. E. No. 1].

2. This action is **DISMISSED** and **STRICKEN** from the docket.

This ⎯⎯ day of November, 2019.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge